IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE WILLIAM YUQUILEMA LUMI, | |
| Petitioner, | 0:26-CV-1152 |
| vs. | MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, et al., | |
| Respondents. | |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner contends their detention is unlawful due to denial of a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The respondents were ordered to file a return to the petition, *see* filing 3, but did not respond.

As a result, the Court finds that the respondents have failed to establish the lawfulness of the petitioner's detention or to show cause why the writ should not be granted in this case. The Court will grant the petition for the reasons thoroughly articulated by this Court in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).[1] The government shall

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v.*

immediately—if necessary—return the petitioner to the state of Minnesota and release the petitioner from custody.

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

4. No later than **February 12, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 10th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

*Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).